Robert Grasso, Jr. – Bar No. 015087
Kim S. Alvarado – Bar No. 018216
**GRASSO LAW FIRM, P.C.**
2430 West Ray Road, Suite 3
Chandler, Arizona  85224
Telephone (480) 730-5553
Facsimile (480) 730-2810
*rgrasso@grassolawfirm.com*
*kalvarado@grassolawfirm.com*
   Attorneys for Defendants TOWN OF GILBERT,
MICHAEL AMES, AND WILLIAM TAYLOR

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SUSAN LOGAN,<br><br>Plaintiff,<br><br>vs.<br><br>TOWN OF GILBERT; a Municipality within the State of Arizona, MICHAEL AMES, individually and his office capacity and WILLIAM TAYLOR, individually and in his official capacity,<br><br>Defendants. | Case No. 2:08-cv-02301-JAT<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |

In her Response, Plaintiff concedes that many of her claims should be dismissed.  In an attempt to keep her time-barred claims alive, she has tried to recast her disparate treatment claim as a "hostile work environment" claim.  Plaintiff's argument is contrary to well-established case law.  Plaintiff's claims should be dismissed as follows.

**I.     PLAINTIFF'S TITLE VII CLAIMS (COUNTS THREE AND FOUR)**

Plaintiff concedes that any claims based on discrete acts, such as "denial of promotional opportunities" or demotions, that occurred before November 3, 2007, are time-barred. (Dkt. No. 15, at p. 4.)  Accordingly, the Court should enter an Order dismissing all such time-barred claims alleged in Plaintiff's First Amended Complaint.

- 2 -

Plaintiff's attempt to simply recast her disparate treatment claim as a "hostile work environment" ignores the holding of *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002), and numerous other Title VII cases.  To start, a hostile work environment is one of two types of sexual harassment.  *See Porter v. Cal. Dep't of Corrections*, 419 F.3d 885, 892 and n.3 (9th Cir. 2005) (contrasting quid-pro-quo sexual harassment and hostile work environment sexual harassment).  To plead a claim for hostile work environment sexual harassment, Plaintiff must allege that: (1) she was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment.  *Id.*; *see Harris v. Folklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (a hostile work environment claim requires proof that the workplace was "permeated with discriminatory intimidation, ridicule, and insult").

Plaintiff's First Amended Complaint does not contain any facts upon which to state a claim for hostile work environment sexual harassment.  As set forth in her Response (at p. 2), her alleged hostile work environment sexual harassment claim is based on alleged disparate treatment comprised of a pattern of discrete acts – *i.e.*, demotions, denied promotions, denied on-call assignments, assignment of menial tasks, denied access to tools, and assigning her a partner who belittled her for using a cheater bar.  None of these alleged acts could be construed as "unwelcome" or "verbal or physical conduct of a sexual nature."  In addition, discrete acts, such as a failure to promote or denial of transfer, are "easy to identify" and constitute separate, actionable "unlawful employment practices."  *Morgan*, 536 U.S. at 114.  Such acts take place at an ascertainable time and place.  *Gulden v. Geren*, 2009 WL 536558, *2 (D. Ariz. Mar. 4, 2009).  All of Plaintiff's allegations fall into the category of discrete acts of alleged discrimination.

The Ninth Circuit has rejected attempts to avoid the holding of *Morgan* by recasting a disparate treatment claim into terms of hostile work environment sexual harassment.  In *Porter*, the Ninth Circuit held:

> [W]e refuse to mix recent discrete acts like tinder with the planks of ancient sexual advances and then, regardless of whatever it was that set the spark in the furnace, call the fire that ignites therefrom a hostile environment. If the flames of an allegedly hostile environment are to rise to the level of an actionable claim, they must do so based on the fuel of timely non-discrete acts.

*Porter*, 419 F.3d at 893. Plaintiff has not alleged any timely non-discrete acts that could constitute an actionable claim for hostile work environment sexual harassment.

Finally, courts have rejected attempts to avoid the *Morgan* holding by recasting disparate treatment claims involving discrete acts into "pattern or practice" or "continuing violation" claims. *Cherosky v. Henderson*, 330 F.3d 1243, 1245-47 (9th Cir. 2003 (declining to treat a series of individualized employment decisions as a pattern or practice, but finding that each decision was a discrete act); *Lyons v. England*, 307 F.3d 1092, 1108 (9th Cir. 2002) ("A discriminatory practice, though it may extend over time and involve a series of related acts, remains divisible into a set of discrete acts, legal action on the basis of each of which must be brought within the statutory limitations period."); *Wheeler v. Arizona, Dep't of Corrections*, 2008 WL 724982, *2 (D. Ariz. March 17, 2008) ("But *Morgan* explicitly rejected such an application of the continuing violation doctrine.").

In short, Plaintiff's First Amended Complaint sets forth only allegations of discrete acts. Those discrete acts that occurred before November 3, 2007, are time-barred and should be dismissed.[1]

## II. PLAINTIFF'S SECTION 1983 CLAIM (COUNT ONE) FOR DUE PROCESS AND EQUAL PROTECTION VIOLATIONS

Plaintiff tries to save this claim from Arizona's two-year statute of limitations by making the same type of "vicarious liability" arguments that have been repeatedly rejected. *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008). Plaintiff has not alleged that

---

[1] Plaintiff's argument about recoverable damages for time-barred acts misconstrues *Morgan*. Because a hostile work environment harassment claim is one "unlawful employment practice," a plaintiff may recover damages for that claim even when portions of the unwelcome acts fall outside the period for filing a timely charge. *Morgan*, 536 U.S. at 118-19. Because Plaintiff has not and cannot plead a hostile work environment sexual harassment claim, this part of *Morgan*'s holding does not apply.

William Taylor (the Water Division Superintendent) personally committed any acts since December 16, 2006, which could constitute an equal protection or due process violation. Plaintiff's First Amended Complaint contains no allegations from which anyone could infer that Taylor "participated in or directed" a constitutional violation involving Plaintiff's application for the Senior Utility Worker position in March 2008. *See Humphries v. County of Los Angeles*, 554 F.3d 1170, 1202 (9th Cir. 2009). Plaintiff does not even allege that Taylor was in any way involved with the decision-making process concerning the selection of the successful candidate for that position. Because Plaintiff cannot establish a Section 1983 claim based on vicarious liability arguments only, this claim against Taylor should be dismissed.

The same holds true for Michael Ames. Plaintiff simply argues that Ames is part of "Water Distribution management" (Dkt. No. 5, ¶ 19), and therefore he can be held personally and individually liable for equal protection and due process violations because of that status. That is not the law of this Circuit. *Levine*, 525 F.3d at 907. Plaintiff has not alleged any facts from which it could be inferred that Ames was involved with the selection of the successful candidate for the Senior Utility Worker position in March 2008. Accordingly, the Court should enter an order limiting Plaintiff's Section 1983 claim against Ames to her allegations that Ames directed her co-workers not to ask Plaintiff to assist with off-hour emergencies in 2007 and 2008. (Dkt. No. 5, ¶¶ 14, 15.)[2]

To the extent that Plaintiff again tries to save this claim by recasting her allegations in terms of Taylor's or Ames's purported creation of a "hostile work environment" (Response, at p. 7), the claim should be dismissed. "[C]onduct by individuals which is designed to harass and embarrass does not constitute denial of a cognizable liberty or property interest in a claim brought under § 1983." *Guy v. City of Phoenix*, 668 F. Supp. 1342, 1351 (D. Ariz. 1987) (citing *W. Reserve Oil and Gas Co. v. New*, 765 F.2d 1428, 1433 (9th Cir. 1985)).

---

[2] Defendants anticipate filing a dispositive motion on this claim, as well.

- 4 -

### III. PLAINTIFF'S SECTION 1983 CLAIM (COUNT TWO) FOR FREE SPEECH VIOLATIONS

Based on Plaintiff's concession (Dkt. No. 15, at p. 9), Defendants Ames and Taylor request the Court enter an order dismissing this claim with prejudice.

### IV. CONCLUSION

The Town respectfully requests that the Court enter an order dismissing Plaintiff's Title VII claims for any discrete acts that occurred before November 3, 2007. In addition, the Court should dismiss Plaintiff's Section 1983 claims (Counts One and Two) against Taylor and enter judgment in his favor. Finally, the Court should dismiss as time-barred Plaintiff's Section 1983 claim (Count One) against Ames for events that occurred before December 16, 2006, and should dismiss Ames from Count Two of Plaintiff's First Amended Complaint.

RESPECTFULLY SUBMITTED this 21st day of April, 2009.

**GRASSO LAW FIRM, P.C.**

By  /s/ Kim S. Alvarado
Robert Grasso, Jr.
Kim S. Alvarado
2430 West Ray Road, Suite 3
Chandler, Arizona 85224
   Attorneys for Defendants TOWN OF GILBERT, MICHAEL AMES, AND WILLIAM TAYLOR

///

///

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Phillip A. Austin, Esq.
**LAW OFFICE OF PHILLIP A. AUSTIN**
215 North Robson Street
Mesa, Arizona 85201
*attyaustin@aol.com*
   Attorneys for Plaintiff


By  s/ N. McDermott