1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Logan, | No. CV 08-2301-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Town of Gilbert, a Municipality within the State of Arizona; Michael Ames, individually and in his official capacity; and William Taylor, individually and in his official capacity, | |
| Defendant. | |

Pending before this Court is Defendants' Motion for Judgment on the Pleadings (Doc. # 13). For the reasons that follow, the Court grants in part and denies in part Defendants' motion.

**BACKGROUND**

In July 2000, Plaintiff Susan Logan began working as a meter reader for the Town of Gilbert. On August 29, 2008, Logan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that the Town of Gilbert discriminated against her based upon her sex. In December 2008, Logan filed her complaint with this Court alleging several acts committed by Defendants that resulted in violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983. Defendants now move for judgment on the pleadings.

**ANALYSIS**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), "is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). In other words, dismissal pursuant to Federal Rule of Civil Procedure 12(c) is inappropriate in circumstances in which, if the facts were as pleaded, they would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995).

In considering a motion for judgment on the pleadings, the Court cannot consider evidence outside the pleadings unless the Court treats the motion as one pursuant to Rule 56. FED. R. CIV. PRO. 12(c). If the Court treats the motion as having been brought under Rule 56, the Court must give all parties the opportunity to present all material pertinent to such motion. *Id.* However, the Court may consider facts that are contained in materials of which the court may take judicial notice. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994).

*Logan's Title VII Claims*

Section 2000e-5(e)(1) mandates that a Title VII plaintiff file a charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-(5)(e)(1). "An individual must file a charge within the statutory time period," otherwise, his or her claim is barred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). "By choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination." *Mohasco Corp. v. Silver,* 447 U.S. 807, 825 (1980).

In this case, Logan filed her claim with the EEOC on August 29, 2008. Thus, under 42 U.S.C. § 2000e-(5)(e)(1), only acts that occurred after November 3, 2007, fall within the 300 day statutory time period. Logan alleges the following discriminatory and retaliatory acts in her complaint:

1) In July 2003, after Logan complained to human resources regarding the discriminatory treatment she was experiencing at the hands of Defendant Ames, the water distribution management "undertook a campaign of discrimination and retaliation against" Logan. (Comp. at ¶ 14.)

2) In the fall of 2004 Defendant Ames demoted Logan from primary on-call to secondary on-call, replacing her with a less experienced male. Logan alleges that the "demotion resulted and continues to result in salary loss" because her co-workers in primary on call positions refuse to schedule her to assist with on-call assignments. (Comp. at ¶ 15.)

3) Despite being available for on-call assignments, Logan was not asked to assist in the repair of water breaks or other off-hour emergencies on the following dates: August 12, 2004; August 28, 2004; October 26, 2004; November 8, 2004; June 2007; June 8, 2007; August 9, 2007; September 21, 2007; January 22, 2008. (Comp. at ¶¶ 16-25.)

4) On October 26, 2004, Logan "demanded that Defendant Ames treat her equally as to job assignments. Yet less than two weeks later, even though she was available, she was not called for two water breaks that occurred over the weekend." (Comp. at ¶ 27.)

5) In June 2005, Defendant Ames appointed a probationary employee as primary on-call worker rather than the more experienced Logan. (Comp. at ¶ 28.)

6) Logan has been denied six promotional opportunities to senior Utility Worker on the following dates: August 2004; July 2005; January 24, 2006; March 2006; April 18, 2006; and March 2008. (Comp. at ¶ 29.)

7) Defendant Ames does not assign Logan to major job and emergency assignments. (Comp. at ¶ 34.)

8) Defendant Ames assigns Logan to "menial tasks such as repainting fire hydrants, cleaning up after male co-workers had left the office a mess, driving around the Town of Gilbert and looking for possible water valve lids that might have been jarred loose by traffic and conducting inventory." (Comp. at ¶ 35.)

9) Defendant Ames assigned Logan to work with J.H., who verbally abused Logan and criticized her work, and "belittled her for using a cheater bar to turn tough valves and kept a journal of Plaintiff's work." When Logan protested, Defendant Ames reassigned Logan to work with another operator, but Logan was again reassigned to work with J.H. in May 2006. (Comp. at ¶ 36.)

10) In May 2006, Logan was required to put a tool request in writing when J.H. was not required to do so. (Comp. at ¶ 37.)

Defendants argue that the various claims contained in Logan's complaint are discrete acts and, as such, those acts occurring before November 3, 2007, are precluded under 42 U.S.C. § 2000e-(5)(e)(1). Logan does not dispute that "her claim for Title VII violations on

specific discreet acts like promotional opportunities occurring before November 3, 2007" are precluded under 42 U.S.C. § 2000e-(5)(e)(1).[1] Nevertheless, Logan argues that the majority of her claims are not barred by the 300 day time limitation because her claims amount to a hostile environment claim under *Morgan*.

In *Morgan*, the Supreme Court addressed the issue of when an "employment practice" occurs for purposes of Title VII's 300 day time limitation. In so doing, the Court distinguished between "discrete" discriminatory acts and "hostile environment claims." *Morgan*, 536 U.S. at 115. With respect to discrete acts, the Court held that such acts "are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 113. However, in describing hostile environment claims, whose "very nature involves repeated conduct," *Id.* at 115, the Court held that "[i]n order for the charge to be timely, the employee need only file a charge within [300] days of any act that is part of the hostile work environment." *Id.* at 118. Thus, in the hostile environment context, all acts related to the timely hostile environment claim are permitted even though such acts might fall outside of the 300 day time frame.

In describing discrete acts, the Court in *Morgan* stated that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id.* at 114. The Court gave a handful of "easy to identify" examples of discrete acts "such as termination, failure to promote, denial of transfer, or refusal to hire." *Id.* In contrast, "[i]n determining whether an actionable hostile work environment claim exists, we look to 'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's

---

[1] Likewise, Logan does not dispute that her second cause of action–violation of Logan's First Amendment rights–is not actionable. (Doc. # 15 at p. 9.)

- 4 -

work performance.'" *Id.* at 116 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). "The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Morgan*, 536 U.S. at 115.

After reviewing Logan's complaint, the Court concludes that her allegations constitute discrete acts, and do not fall under the rubric of a hostile work environment claim. Many of Logan's allegations–*e.g.*, allegations 1, 2, 4-7, and 9 above–constitute separate, actionable acts. None of Logan's allegations pertain to physical threats and only allegation 9 above approaches humiliation, landing closer to "a mere offensive utterance," as the comment was related to Logan's use of a cheater bar, and not a reference to her sex. Moreover, the frequency, or lack thereof, of the alleged acts supports the Court's conclusion that such acts are discrete in nature. Lastly, a review of the allegations reveals that many of the allegations are entirely unrelated. Accordingly, the Court finds that Logan's allegations are discrete acts under *Morgan*, and not claims for a hostile work environment.

In an attempt to rescue her claims from the 300 day time-bar, Logan also filed a sur-reply wherein she argued that the Lily Ledbetter Fair Play Act of 2009 ("Fair Play Act") eliminated the 300 day time-bar for wage discrimination claims. In response to *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618 (2007), Congress amended 42 U.S.C. § 2000e-5 to include the following:

> For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e-5(e)(3)(A). The Court agrees that the Fair Play Act eliminates the 300 day time-bar for those of Logan's claims pertaining to a *discriminatory compensation*

*decision.* However, all of Logan's claims falling outside of this context are subject to the 300 day limitation.

With the Rule 12(c) framework in mind, the Court finds that allegations numbered 2, 3,4, 5, 6, and 7 from above arguably pertain to a discriminatory compensation decision. However, out of these allegations, the Court finds that only allegations numbered 2,5, 6, and 7 are exempt from the 300 day time-bar.

The Fair Play Act states that "an unlawful employment practice occurs . . . when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision . . . ." While allegations 3 and 4 pertain to compensation decisions, Logan was "subject to" or "affected by" the decisions at the time such decisions were made. In other words, any discriminatory compensation decision that was made affected Logan only in her next paycheck, and not all future paychecks. If Defendants had not acted in a discriminating manner as Logan alleges, Logan's pay rate would not have increased; rather, only the number of hours on her particular paycheck would have increased. For example, in allegation 4 from above, Logan asserts that on October 26, 2004, Logan "demanded that Defendant Ames treat her equally as to job assignments. Yet less than two weeks later, even though she was available, she was not called for two water breaks that occurred over the weekend." Logan was affected by Defendant Ames' decision during her next paycheck because she did not obtain the overtime pay that she otherwise would have obtained but for Defendant Ames' decision. Defendant Ames' decision did not in any way affect Logan's future compensation. As such, Logan was impacted by the decision immediately, as opposed to an ongoing effect that results from the denial of a pay increase. Therefore, the Court finds that allegations numbered 3 and 4 from above are subject to the 300 day time-bar.

In summary, the following allegations from above are barred by the 300 day time limitation:

- Allegation 1;

- Allegation 3 to the following extent: August 12, 2004; August 28, 2004; October 26, 2004; November 8, 2004; June 2007; June 8, 2007; August 9, 2007; and September 21, 2007. Only the allegation pertaining to January 22, 2008, is permitted.

- Allegation 4;

- Allegation 8 to the extent that such allegations pertain to events prior to November 3, 2007;

- Allegation 9; and

- Allegation 10.

The Court also expressly notes that to the extent that being "primary on-call" as opposed to being "secondary on-call" results in a higher wage or otherwise affects compensation, allegations numbered 2, 5, and 7 from above constitute "discriminatory compensation decisions." However, to the extent that allegations numbered 2, 5, and 7 do not affect compensation, they are subject to the 300 day time-bar.

*Logan's Section 1983 Claims*

Defendants fashion a similar argument with respect to Logan's section 1983 claims; namely, that such claims are untimely. In response, Logan argues that *Morgan*'s hostile work environment analysis applies to section 1983 claims and, as such, Defendants' untimely argument must fail. The Court agrees that the hostile work environment discussion contained in *Morgan* equally applies in the context of section 1983 claims. However, because the Court has already concluded that Logan's claims do not constitute hostile work environment claims, the Court finds that many of Logan's claims under section 1983 are barred as untimely.

"Section 1983 does not contain a statute of limitations. Rather, federal courts apply the forum state's personal injury statute of limitations for section 1983 claims." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). In Arizona, the personal injury statute of limitation is two years. ARIZ. REV. STAT. ANN. § 12-542 (2003). Thus, any of Logan's section 1983 claims that occurred prior to December 16, 2006, are precluded as untimely.

The Court finds that all of Logan's section 1983 allegations contained in her complaint are barred with the exception of the following:

- Logan's assertion that she was not asked to assist in the repair of water breaks or other off-hour emergencies in June 2007, June 8, 2007, August 9, 2007, September 21, 2007, and January 22, 2008;
- The promotional opportunity in March 2008 that Logan was denied; and
- To the extent that the claims contained in allegations numbered 7 and 8 above pertain to events that occurred after December 16, 2006.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. # 13) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Plaintiff Susan Logan's allegations under Title VII are dismissed to the extent detailed above.

**IT IS FURTHER ORDERED** that Plaintiff Susan Logan's allegations under section 1983 are dismissed to the extent detailed above.

**IT IS FINALLY ORDERED** that Plaintiff Susan Logan's allegations under the First Amendment are dismissed.

DATED this 29th day of July, 2009.

James A. Teilborg
United States District Judge